UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CNA HOLDINGS, INC. and<br>CELANESE AMERICAS<br>CORPORATION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:07-CV-2084-B |
| UNITED STATES<br>DEPARTMENT OF JUSTICE, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER

This matter arises from a Freedom of Information Act ("FOIA") request by Plaintiffs CNA Holdings, Inc. and Celanese Corporation (collectively, "CNA") to Defendant United States Department of Justice ("DOJ") for certain documents related to an antitrust criminal investigation of a possible price fixing cartel among polyester staple manufacturers. CNA essentially requests various documents related to and reflecting information provided to DOJ by one particular individual. DOJ has withheld the vast majority of responsive documents, claiming certain exemptions under FOIA preclude production, and now moves for summary judgment to effectively affirm its action. Having considered Defendant DOJ's Motion for Summary Judgment (doc # 22), Plaintiffs CNA's Cross-Motion for Summary Judgment/Response in Opposition to DOJ's Motion (doc #24), DOJ's Reply in Support of its Motion/Response to CNA's Cross-Motion, and all evidence and argument submitted therewith, the Court finds that Defendant's Motion and Plaintiffs' Cross-Motion should be GRANTED in part and DENIED in part as discussed herein.

## BACKGROUND

Pursuant to 5 U.S.C. § 552 (the Freedom of Information Act, *i.e.*, "FOIA"), in December 2006, Plaintiffs requested "all documents which evidences [sic] communication between Troy F. Stanley and either the Federal Bureau of Investigation ("FBI") and/or the Department of Justice ("DOJ")... related to the DOJ's investigation into alleged antitrust violations by polyester staple manufacturers" from the Defendant. After almost nine months, Defendant provided its initial substantive response to Plaintiffs, stating that there were twenty-eight (28) responsive documents amounting to 233 pages. Defendant produced only ten (10) pages, consisting of a few highly redacted letters and one publicly-filed document, and stated that it was withholding the remaining documents based on statutory FOIA exemptions, 5 U.S.C. §§ 552(b)(2), (3), (5), (6), (7)(C), and (7)(D). Plaintiffs timely administratively appealed Defendant's decision, which was affirmed by Defendant on December 21, 2007. Meanwhile, Plaintiffs also filed the Original Complaint in this matter, on December 14, 2007, asking the Court to order Defendant to turn over the documents requested. Plaintiffs allege that the documents are necessary for and/or relevant to their preparation for a civil trial set to begin on June 2, 2008 in the Western District of North Carolina.

After the Court granted an expedited schedule in this matter, Defendant filed its Motion for Summary Judgment on April 4, 2008. In conjunction with that Motion, Defendant submitted evidence including its *Vaughn* Index,[1] which gave greater detail about each of the documents it refuses to produce in response to the FOIA request and the purported justification (FOIA

---

[1] In its Appendix in Response to Plaintiffs' Cross-Motion, Defendant submitted an Amended *Vaughn* Index, which modified its original Index in expanding the explanations of the justification of each exemption. References herein to the *Vaughn* Index should be interpreted to refer to the amended version.

exemption) for its withholding. Plaintiffs responded and filed their Cross-Motion for Summary Judgment on April 14, 2008 in which they narrowed the scope of the dispute. Plaintiffs now seek production of only the eight documents listed below:

1. FD 302 Reports of Interviews (Bates Nos. FBI 1-141)
2. Handwritten Notes of FBI Interviews (Bates Nos. FBI 142-215)
3. Plea Agreement Modification (Bates Nos. ATR 223-225)
4. Plea Agreement Modification (Bates Nos. ATR 226-228)
5. Plea Agreement (Bates Nos. ATR 229-242)
6. 10/11/2004 Letter from "Source's Counsel" to Mitchell Chitwood (Bates Nos. ATR 257-258)
7. Transcript of Sentencing Hearing (Bates Nos. ATR 268-287)
8. Transcript Plea and Rule 11 and Sentencing Hearings (Bates Nos. ATR 288-344)

Both parties agree that this matter is ripe for decision on summary judgment. Thus, the Court will address whether each of the eight requested documents has been properly withheld as a matter of law.

**ANALYSIS**

Legal Standard for Summary Judgment in a FOIA dispute

Unlike most agency decisions to which courts regularly give deference, agency decisions to withhold documents requested for production under FOIA are reviewed *de novo* with no deference. 5 U.S.C. 552(a)(4)(B); *Cooper Cameron Corp. v. United States Dep't of Labor*, 280 F.3d 539, 543 (5th Cir. 2002). The agency withholding the documents bears the burden of demonstrating that its action should be sustained. *Id.* To survive summary judgment in favor of the plaintiff or to prevail on its own summary judgment, the agency must identify the documents at issue and explain why they fall under any statutory exemptions to production. *Cooper*, 280 F.3d at 543. An agency may sustain its burden by relying on affidavits, but only if they "contain reasonable specificity of detail rather

than mere conclusory statements, and if they are not called into question by contradictory evidence in the record." *Multi AG Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1227 (D.C. Cir. 2008). Typically, the agency provides a *Vaughn* index to adequately describe each withheld document and explain the applicability of any purported exemption claimed. *Summers v. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998). Any exemptions to FOIA are to be narrowly construed to promote its fundamental purpose and policy of promoting disclosure of information. *Dep't of Air Force v. Rose*, 425 U.S. 352, 366 (1976).

<u>FD-302 Reports of Interviews and Associated Handwritten Notes of FBI Interviews</u>

CNA requests both the FD-302 reports and the associated handwritten notes of FBI Interviews with Troy Stanley (hereinafter, collectively, the "Records"). (Pls' Cross-Motion at 2; Def's Mot. Summ. Judg. App. at 1). In fact, all of the information that CNA requested from DOJ only concerns Mr. Stanley. (Def's Mot. Summ. Judg. App. at 1). DOJ refuses to provide the requested information, claiming three exemptions under FOIA, 5 U.S.C. § 552(b)(6), (b)(7)(C), and (b)(7)(D). Exemption (b)(6) allows an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption (b)(7)(C) allows an agency to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption (b)(7)(D) allows an agency to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information... could reasonably be expected to disclose the identity of a confidential source...and, in the case of a record or information compiled

by criminal law enforcement authority in the course of a criminal investigation…information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D).

Considering exemption (b)(7)(D) first, the Court finds that DOJ has met all of the requirements of this exemption. First, DOJ submitted evidence regarding the function and content of the Records. Mr. Chitwood, the lead attorney for the DOJ grand jury investigation and proceedings pursuant to which the subject Records were written, testified that the Records were compiled by the Special Agent assigned to the investigation. (Chitwood Decl. ¶¶ 3-4, 19). The Records reflect detailed information given by the source to the Special Agent during multiple interviews, including identification of third parties and their involvement in the alleged cartel under investigation. (Id. at ¶¶ 19-21; see also Hardy Decl. at ¶¶ 11-13). The Records fall squarely into the first part of exemption (7)(D) as law enforcement records. Second, the Records were compiled by the DOJ, an agency charged with prosecuting criminal violations of the antitrust law, and the FBI as part of a criminal investigation into a possible polyester staple cartel. (Chitwood Decl. at ¶¶ 7, 12, 16, 19-21; Hardy Decl. at ¶¶13, 22). CNA does not appear to dispute that the Records satisfy these two conditions of exemption (7)(D).

However, CNA argues that the Records do not meet the third and final requirement of exemption (7)(D) of being "information furnished by a confidential source," because Stanley was not a confidential source. CNA argues that there were no express or implied conditions of confidentiality based primarily on the fact that Stanley chose to discuss his cooperation with law enforcement with his alleged co-conspirators. The Court rejects CNA's arguments, as they propose to turn the FOIA exemption on its head. As the Supreme Court noted in *Landano*, "[a] source should be deemed confidential if the source furnished information with the understanding that the

FBI would not divulge the communication except to the extent the Bureau thought necessary for law enforcement purposes." *United States Dep't of Justice v. Landano*, 508 U.S. 165, 174 (1993). Thus, the inquiry is not whether Mr. Stanley chose to divulge the information he gave to the FBI to others. The inquiry is whether, under the circumstances, Mr. Stanley believed that the FBI would not openly divulge the information he gave to it.

The circumstances surrounding the creation of the Records support a finding that Mr. Stanley spoke under implied conditions of confidentiality.[2] In determining whether confidentiality can be implied in considering criminal investigative source information, courts consider factors such as the nature of the crime and the source's relation to it. *Landano*, 508 U.S. at 179. DOJ submitted evidence of the nature of the criminal investigation, including the fact that the investigation centered on only four companies, each of which was distinctive enough that its identity would be apparent if the Records were released (even in redacted form). (Chitwood Decl. at ¶ 18). This investigation concerned a price-fixing scheme in violation of the antitrust laws, which is not a violent crime and Mr. Stanley was not a paid informant–although he did ultimately enter into a Plea Bargain in association with the investigation. (Chitwood Decl. at ¶¶ 12-14, 31). Thus, this does not appear to be the type of case in which a presumption necessarily arises that the source spoke under implied conditions of confidentiality. *Cf. Mays v. DEA*, 234 F.3d 1324, 1329-1331 (D.C. Cir. 2001) (finding presumption of implied confidentiality in case where crime was distribution of cocaine, which implied high likelihood of violent retaliation). The absence of a presumption of confidentiality simply means

---

[2]No evidence was submitted that there was an express promise of confidentiality. Although DOJ provided evidence on its confidentiality policy (Chitwood Decl. ¶ 9), there is no evidence that DOJ specifically discussed confidentiality with Stanley.

that the Court must analyze the particular circumstances of Mr. Stanley's discussions with the FBI /DOJ to determine whether confidentiality was implied.

Objectively, this is also a case in which the possibility of potential retaliation or harassment was relatively high, given the small number of players in the industry and within each company, because the identity of the informant likely would have been obvious from the information given to the FBI and the consequences of being implicated by an informant include serious fines and imprisonment. (Chitwood Decl. at ¶¶ 18, 31). The actual occurrence of retaliation is not necessary; the implication is enough to imply confidentiality in the discussions. *See, e.g., Ortiz v. United States Dep't of Health & Human Servs.*, 70 F.3d 729, 734 (2d Cir. 1995) (noting that "it is enough that retaliation might naturally flow from non-confidential treatment of the sources' information and identity.").

CNA presents no evidence to contradict DOJ's evidence of the circumstances surrounding Mr. Stanley's conversations with the FBI/DOJ. There is no evidence as to Mr. Stanley's actual beliefs or understanding as to whether the FBI would divulge the information he gave it–information now reflected in the Records. In fact, CNA's argument, and the unauthenticated, inadmissible evidence submitted in the Appendix to its Cross-Motion, suggests that Mr. Stanley knew that the FBI intended to keep their conversations private. For instance, Mr. Stanley appears to have repeatedly testified in a trial that his discussions with the FBI were in conjunction with a secret investigation and that he was instructed by the DOJ/FBI not to talk about that investigation with anyone. (Pls' App. at 12-13). The FBI's instructions to Mr. Stanley constitute some evidence that he was on notice that their conversations were being kept private by the FBI, and it expected the same treatment from Mr. Stanley.

DOJ is also not authorized to disclose the Records even if the identity of the source is known, as it clearly is in this case (Mr. Stanley), or if the information has been publicly released to some extent. The Supreme Court has not reached the question of whether a confidential source's public testimony effectively "waives" the agency's right to withhold information provided by that source. *Landano*, 508 U.S. at 173-174. However, no appellate court appears to have found that later disclosure of either the identity of the source or information from it effected a waiver or implied that the source should no longer be considered confidential under exemption (7)(D). *Neely v. FBI*, 208 F.3d 461, 466 (4th Cir. 2000)(noting that the confidentiality of a source is determined at the time the information was originally communicated to the agency and was unaffected by subsequent disclosure at trial, in discovery, or otherwise); *Halpern v. FBI*, 181 F.3d 279, 300 (2d Cir. 1999)(affirming (7)(D) exemption observing that "[I]t makes no difference to our analysis whether now, in hindsight, the objective need for confidentiality has diminished,; what counts is whether then, at the time the source communicated with the FBI, the source understood that confidentiality would attach."); *Jones v. FBI*, 41 F.3d 238, 249 (6th Cir. 1994)(rejecting argument that exemption (7)(D) does not apply when the informant has become a government witness and citing similar authority in other circuits); *Parker v. Dep't of Justice*, 934 F.2d 375, 378-380 (D.C. Cir. 1991)(same); *Irons v. FBI*, 880 F.2d 1446 (1st Cir. 1989)(en banc) (observing that the concept of "waiver" does not apply to exemption (7)(D)). Thus, based on the evidence presented by DOJ, the lack of evidence from CNA, and the consistent law in this area, the Court finds that under these circumstances, Stanley was a confidential source. As such, any information provided by Stanley, including the information reflected in the Records, is exempt from production under FOIA exemption 5 U.S.C. § 552(b)(7)(D). DOJ does not have to produce documents bates labeled FBI

1-215. Because exemption (7)(D) entirely precludes production of these documents, the Court does not reach the potential applicability of exemptions under 5 U.S.C. § 552(b)(6) and (b)(7)(C).

Letter from "Source's Counsel" to Mitchell Chitwood (DOJ) dated October 11, 2004

Given that the Court has found that Mr. Stanley was a confidential source, the letter from his counsel to DOJ also falls within FOIA exemption 5 U.S.C. § 552(b)(7)(D). In response to CNA's argument that the original *Vaughn* Index description of this letter was too vague to allow evaluation of the applicability of the claimed exemptions, DOJ submitted a more specific justification describing the contents of the letter and identifying Mr. Stanley as the "source" therein. (Amended *Vaughn* Index at 6). DOJ attests that the letter at issue requests an action that is the subject of sealed (*i.e.*, non-public) proceedings and summarizes certain assistance and information provided by the source to the DOJ. (*Id.*). There is no dispute that the letter was obtained by the DOJ in the course of the criminal polyester staple antitrust investigation. Thus, the Court finds that this letter satisfies the requirements of exemption (b)(7)(D), as it is information furnished by a confidential source, albeit through counsel, compiled by a criminal law enforcement authority during a criminal investigation. Just as with the Records, because the Court determines that the letter is fully exempt under one FOIA exemption, it does not reach the other two exemptions asserted. DOJ does not have to produce the letter bates numbered ATR 257-258.[3]

Court Documents

---

[3] The Court notes that although it found that this document is exempt from production under FOIA, unlike the Records requested by CNA, a copy of this document should have been kept by Mr. Stanley's counsel and should have been produced in discovery in response to CNA's subpoena and the court's order in North Carolina. Documents within an attorney's files are discoverable as constructively possessed by the client.

CNA also requests five documents being withheld by DOJ that the Court classifies for purposes of discussion as "Court Documents." DOJ describes these documents on its *Vaughn* Index as "Court Filing Plea Agreement Modification" (two copies), "Court Filing Plea Agreement," "Transcript of Sentencing Hearing," and "Transcript Plea and Rule 11 and Sentencing Hearing." DOJ asserts that each of these documents are exempt from production under 5 U.S.C. § 552(b)(6) and (b)(7)(C). Exemption (b)(6) allows an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption (b)(7)(C) allows an agency to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

CNA alleges that neither exemption applies because Court Documents are in the public domain and are available in the court's file in North Carolina and on PACER. DOJ argues that CNA has provided no summary judgment evidence of those alleged facts. DOJ has presented evidence that, in fact, two of the non-transcript documents are not available on PACER, while a third document is available. (Slates 3 Decl ¶ 10).[4] DOJ provided evidence of the PACER report listing each of these documents–the docket sheet for federal criminal matter 3:02-CR-00230-RLV in the Western District of North Carolina. (DOJ Mot. Summ. Judg. App. at 310-313). DOJ also argues that availability on PACER is not equivalent to information being in the public domain.

DOJ cannot rely on an otherwise valid exemption to withhold documents that are already

---

[4]As of the date of this Order, hearing transcripts are generally not available on PACER.

in the public domain. *Afshar v. Dep't of State*, 702 F.2d 1125, 1130-34 (D.C. Cir. 1983). However, Plaintiff CNA bears the burden of producing evidence to demonstrate that the information requested is in the public domain. *Davis v. Dep't of Justice*, 968 F.2d 1276, 1279 (D.C. Cir. 1992). This burden is stringent. It is not enough for Plaintiff to rely on speculation and supposition. Plaintiff must prove that the exact material it seeks has been disclosed and preserved in a permanent public record. *Id.* The fact that a document or information was publicly disclosed at one time does not imply that the information remains public. *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999). While it is true that a court is generally a public place and what transpires in court necessarily enters the public domain, for the purposes of FOIA, it is important to understand whether the documents filed in court and transcripts of hearings held have been retained. *Id.* Once the Plaintiff has shown that the specific information sought resided in the public domain, the burden is on the agency to show that the information is no longer publicly available (i.e., it has been placed under seal, destroyed, etc.). *Id.* at 256.

With the help of DOJ, Plaintiff CNA has met its burden with respect to the Court Documents. Although CNA submitted no admissible evidence in support of its Motion for Summary Judgment or in its Response to Defendant's Motion for Summary Judgment, each of the documents sought by Plaintiff are clearly identified by DOJ on its *Vaughn* Index. Those Court Documents directly correspond to certain of the documents listed on the copy of the PACER report for federal criminal matter 3:02-CR-00230-RLV in the Western District of North Carolina submitted by the DOJ. The PACER report does not indicate that any of the Court Documents have been sealed, destroyed, or otherwise rendered unavailable by the court. This Court takes judicial notice under Federal Rule of Evidence 201 that courts keep records, whether in paper or electronic form and

particularly in criminal cases, after a case has been closed. Although DOJ testifies that it could only obtain one of the five requested documents from PACER directly, there is no evidence that the other Court Documents are not available upon proper request to the U.S. District Court for the Western District of North Carolina. It was DOJ's burden to show that documents that were clearly public and should be in the court's files, according to PACER and the common record retention practice of federal courts, are for some reason not actually still publicly available. DOJ's failure to make the requisite showing leads the Court to conclude that regardless of the potential applicability of either exemption (b)(6) or (b)(7)(C), the Court Documents are in the public domain and cannot therefore be exempt from production under FOIA. DOJ is therefore ordered to produce the Court Documents (Bates Nos. ATR 223-242 and ATR 268-344), even if they could be obtained directly from the court in North Carolina. *See U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 150-154 (1989) (rejecting DOJ's argument that it did not have to produce copies of court decisions just because they could be obtained in another manner and noting that Congress did not intend to have agencies satisfy their obligations by sending parties scavenging across the country.).[5]

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's Motion for Summary Judgment and Plaintiffs' Cross-Motion for Summary Judgment. Defendant DOJ is hereby ORDERED to produce documents bates numbered Bates Nos. ATR 223-242 and

---

[5]The Court observes that it will very rarely be more efficient for a plaintiff to pursue documents filed in any court, or transcripts of proceedings therein, through FOIA, as opposed to going directly to the appropriate court clerk. *See United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 764 (1989) (noting that if the documents requested "were freely available, there would no reason to invoke FOIA to obtain access to the information they contain."). This is particularly true in a case such as the present one where there are a limited number of documents from only one matter in one particular court.

ATR 268-344 within five (5) days of the date of this Order. DOJ does not have to produce any other documents.

**SO ORDERED.**

Dated: May 9, 2008

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**